**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

_____

Y. SHIBESHI,

      Plaintiff,

v.                                                          Civil No. 04-412 WJ/RHS

AKAL SECURITY,

      Defendant.

**MEMORANDUM OPINION AND ORDER DENYING AKAL SECURITY'S
MOTION TO DISMISS AND DIRECTING THE UNITED STATES MARSHAL
TO EFFECT PROPER SERVICE WITHIN SIXTY DAYS**

      THIS MATTER comes before the Court pursuant to Akal Security, Inc.'s Motion to Dismiss for Improper Service [Docket No. 5].  For reasons stated herein, I find the motion is not well taken and will be denied.  Additionally, I will order the U.S. Marshal to effect proper service within sixty days.

      Plaintiff filed his Complaint in this Court against Akal Security (Akal) on April 14, 2004 alleging discrimination on the basis of age, race and national origin.  Plaintiff also filed an application to proceed *in forma pauperis* which was granted, and the Court directed the United States Marshal to effect service on Akal.  See Docket No. 2.  On September 2, 2004, the United States Marshal's Service attempted service on Akal by leaving a copy of the summons at the front desk of the Albuquerque office of Akal after Akal employees informed the process server that they were not authorized to accept service on behalf of Akal.

      The Albuquerque office at which service was made is not the principal place of business or the principal office of Akal, and no officers, managing or general agents, or other authorized

agents are located at the Albuquerque office.  See Exhibits C and D to Akal's Brief in Support of

Motion to Dismiss.  Akal filed its Motion to Dismiss for lack of proper service on October 4,

2004.  Plaintiff did not file a response.  Akal filed a Notice of Completion of Briefing on

November 17, 2004.

Service on a corporation may be effectuated pursuant to state law or by delivering a copy

of the summons and complaint to an officer, managing general agent, or any other agent

authorized by appointment or by law to receive service of process.  Fed. R. Civ. P. 4(h).  New

Mexico law provides that a corporation is served by delivering a copy of the summons and

complaint to an officer, managing or general agent, or to any other agent authorized by

appointment or by law to receive service of process, and if none of the persons mentioned is

available, service may be made by delivering a copy of the process to the principal office or

principle place of business during regular business hours to the person in charge thereof.  NMRA

1-004(F)(2).  If service of the summons and complaint is not made upon a defendant within 120

days after the filing of the complaint, the Court shall dismiss the action without prejudice as to

that defendant or direct that service be effected within a specified time.  Fed. R. Civ. P. 4(m).  If a

plaintiff shows good cause for the failure to serve, the Court shall extend the time for service for

an appropriate period.  Id.

When a plaintiff is grated in forma pauperis status, the district court is required to serve

process for the plaintiff.  28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(2); Olsen v. Mapes, 333 F.3d

1199, 1204 (10th Cir. 2003).  A plaintiff proceeding in forma pauperis is entitled to rely on

service by the U.S. Marshal, and the responsibility for failure to serve rests with the Marshal or

with the district court unless a plaintiff has failed to cooperate with the U.S. Marshals or was

otherwise not entitled to their service.  Olsen, 333 F.3d at 1204-05.

In accordance with Olsen, the responsibility to properly serve Akal rests with the United States Marshal and with this Court.  The Court will not dismiss Plaintiff's claims against Akal for the failure of the U.S. Marshal to effect proper service absent a showing that Plaintiff has some culpability for the failure.

**CONCLUSION**

IT IS THEREFORE ORDERED that Akal Security, Inc.'s Motion to Dismiss for Improper Service [Docket No. 5] is hereby DENIED.

IT IS FURTHER ORDERED that the United States Marshal shall effect proper service on Akal in accordance with Rule 4(h) of the Federal Rules of Civil Procedure within sixty (60) days.

_____
UNITED STATES DISTRICT JUDGE